```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

DON BOYD                                              PLAINTIFF

VS.                          CIVIL ACTION NO. 3:07-cv-117-WHB-LRA

KLLM TRANSPORT SERVICES, INC.;
TERRY MATTHEWS; THOMAS CARTER;
UNKNOWN CARL B.; UNKNOWN RACHEL;
KLLM DOE PERSON(S); SEC DOE PERSONS(S);
SEC TRAINING CENTER; and "J.B." UNKNOWN           DEFENDANT


                    <u>OPINION AND ORDER</u>

     This cause is before the Court on the Motion of Defendant KLLM

Transport Services, Inc., to Dismiss for Insufficiency and Failure

of Service of Process, which is brought pursuant to Rules 4(m) and

12(b)(5) of the Federal Rules of Civil Procedure.  Plaintiff, Don

Boyd, who is proceeding *pro se*, did not respond to the Motion.  The

Court, having considered the Motion and docket in this case, finds

that the Motion is well taken and should be granted in accordance

with Rule 4(m).



                  **I.  Procedural History**

     The docket in this case shows the following time line of

events.

     – On February 23, 2007, Plaintiff, Don Boyd ("Boyd") filed the

subject lawsuit in this Court alleging claims including breach of

contract, breach of fiduciary duty, negligence, intentional and

negligent infliction of emotional distress, harassment, sexual

harassment, conspiracy, unfair trade practices, misrepresentation, reckless endangerment, endangerment, whistle blower violations, and wrongful denial of medical attention, against Defendant KLLM Transport Services, Inc. ("KLLM").  See Compl. at ¶ 174.

- On March 2, 2007, United States Magistrate Judge Linda R. Anderson entered an Order granting Boyd's Motion for Leave to Proceed *In Forma Pauperis*.  See Order [Docket No. 3].  Judge Anderson also ordered:

> [T]hat upon receipt of the summons forms from the plaintiff, setting forth the proper addresses of the defendants, the United States District Clerk is hereby directed to issue process to the defendants requiring responses.  The United States Marshal is hereby ordered to serve process on the Defendants pursuant to 28 U.S.C. §1915(c).

Id.

- On July 27, 2007, Judge Anderson entered a Show Cause Order based on Boyd's failure to have process serviced on the named defendants within the 120-day period permitted under Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP").  See Show Cause Order [Docket No. 4].  By that same Order, Boyd was directed to explain to the Court, on or before August 10, 2007, the reason process had not been served, and to show cause as to the reason the defendants had not been served within the requisite 120-day period. Boyd was expressly warned that a failure to show cause could result in the dismissal of his Complaint without further notice.

- Boyd did not respond to the Show Cause Order.

- On September 10, 2007, Judge Anderson entered a Report and Recommendation, recommending that Boyd's Complaint be dismissed based on his failure to have process served by the United States Marshal within the 120-day period permitted by FRCP 4(m), and for lack of prosecution. <u>See</u> Report and Recommendation [Docket No. 5].

- On September 28, 2007, in response to Judge Anderson's Report and Recommendation, Boyd filed a motion seeking an extension of time in which to have process served. <u>See</u> Mot. [Docket No. 6]. In support of his motion, Boyd argued that he had recently been falsely arrested and detained, and that the resulting emotional distress from these events distracted him from "all other matters including Mississippi process." <u>See</u> Mem. in Supp. of Mot. [Docket No. 7], at ¶¶ 2(a)&(b).  Boyd also claimed that: (1) mail to his home was being intercepted; (2) he had not receive prior notice that process had not been served within the required 120 day period; (3) the Clerk of Court did not send the Complaint or summons to him; and (4) that he expected the United States Marshal to serve process on the named defendants. <u>Id.</u> at ¶¶ 4-7.

- On November 13, 2007, Judge Anderson entered an Order temporarily withdrawing her Report and Recommendation, and granting Boyd's motion for an extension of time to have the defendants served. <u>See</u> Order [Docket No. 9].  In her Order, Judge Anderson expressly advised Boyd that while she had previously directed the United States Marshal to serve process, process would only be

3

served "upon receipt of the summons forms from the Plaintiff setting forth the proper address of the Defendants", that he "was directed to provide this information to the United States Clerk over seven (7) months ago", and that "the Court's records reflect that Plaintiff failed to do so." <u>Id.</u>  Notwithstanding Boyd's failure to provide the Clerk with the required information, Judge Anderson granted him and extension, up to and including November 30, 2007, to provide the addresses of the defendants to the Clerk of Court.  Judge Anderson then entered the following Order: "[U]pon receipt of the summons forms from Plaintiff, setting forth the proper address of Defendants, the United States District Clerk is hereby directed to issue process to Defendants requiring responses. The United States Marshal is hereby ordered to serve process on Defendants pursuant to 28 U.S.C. §1915(c)."  <u>Id.</u>

– On November 30, 2007, the Clerk of Court issued summons as to Defendants Sec Training Center, KLLM, and David L. Redd.

– On May 5, 2008, Judge Anderson entered an Order denying Boyd's Motion to Amend Complaint.  <u>See</u> Order [Docket No. 17].  In that Order, Judge Anderson also noted that KLLM had not yet been served with process and, contrary to the Clerk's entry on November 30, 2008, found that the summons caused to be issued by Boyd did not include a summons for KLLM.  <u>Id.</u>  Thereafter, Judge Anderson again directed the Clerk of Court to issue a summons form to Boyd, and directed Boyd to complete it "with the full and correct address

4

of KLLM Transport Services, Inc., where it may be served." Id. at 2.  Judge Anderson then again entered the following Order: "[U]pon receipt of the summons forms from Plaintiff, setting forth the proper address of Defendants, the United States District Clerk is hereby directed to issue process to Defendants requiring responses. The United States Marshal is hereby ordered to serve process on Defendants pursuant to 28 U.S.C. §1915(c)." Id. at 3.

- On May 6, 2008, the Clerk of Court sent Boyd a copy of Judge Anderson's May 5, 2008, Order and summons forms as directed by that Order.

- No additional summons were issued by the Clerk of Court.

- On July 8, 2008, KLLM filed the subject Motion to Dismiss for Insufficiency and Failure of Service of Process pursuant to FRCP 4(m) and 12(b)(5).  Boyd did not respond to the Motion.

## II.  Legal Analysis

Under the Federal Rules of Civil Procedure:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period....

FED. R. CIV. P. 4(m).  Interpreting Rule 4(m), the United States Court of Appeals for the Fifth Circuit has found that "when a plaintiff fails to serve a defendant within the 120-day period, the

5

district court has two choices:  It may either 'dismiss the action without prejudice ... or direct that service be effected within a specified time.'"  <u>Thompson v. Brown</u>, 91 F.3d 20, 21 (5th Cir. 1996).  "The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause." <u>Id.</u>  <u>See</u> <u>also</u> <u>Petrucelli v. Bohringer and Ratzinger</u>, 46 F.3d 1298, 1304 (3d Cir. 1995).

In the present case, Boyd did not respond to the Motion of KLLM to Dismiss, and has not otherwise shown good cause for his failure to have KLLM served within the time period permitted under Rule 4(m).  At best, the docket shows that a summons had been issued as to KLLM by the Clerk of Court on November 30, 2007. Boyd, however, was expressly notified that KLLM had not been served with that summons in the May 5, 2008, Order of Judge Anderson.  By that same Order, Boyd was also notified that he was again required to complete a new summons as to KLLM, and that only after the completed summon was returned to the Clerk of Court would it be served by the United States Marshal.  Boyd did not comply with Judge Anderson's Order.  Under these circumstances, the Court finds that Boyd has not shown that good cause exists for his failure to have process timely served on KLLM and, therefore, a mandatory extension of time in which to have process served is not warranted under Rule 4(m).

In support of its Motion to Dismiss, KLLM has provided an affidavit from Tom Curran, its Director of Risk Management, who

avers that KLLM has not been served with process in this case.  <u>See</u> Mot. to Dismiss, Ex. B, at ¶ 4.  As the record shows that KLLM has not been served with process and that the Complaint was filed more than 120 days ago, the Court may either dismiss the action as to KLLM without prejudice, or direct that service be effected within a specified time.  <u>See</u> F<span>ED</span>. R. C<span>IV</span>. P. 4(m).  Having reviewed the docket in this case, the Court finds that Boyd has previously been granted repeated opportunities to have process served on KLLM, but has failed to do so.  Under these circumstances, the Court finds no basis for granting yet another extension for the purpose of effectuating service of process on KLLM and, therefore, finds that the claims against KLLM should be dismissed.  In accordance with Rule 4(m), the dismissal will be without prejudice.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of KLLM Transport Services, Inc., to Dismiss for Insufficiency and Failure of Service of Process [Docket No. 32] is hereby granted.  In accordance with the provisions of Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff's claims against KLLM Transport Services, Inc., are hereby dismissed without prejudice.

SO ORDERED this the 9th day of October, 2008.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE